# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID M. HAAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-mc-30-TWP-DML |
| | ) | |
| U.S. DISTRICT COURT, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry On Motion to Expunge Felony Conviction

This matter is before the Court on Defendant David Haas (Mr. Haas) Motion to Expunge Felony Conviction (Dkt. 1). On July 11, 1973 Mr. Hass appeared for an arraignment and entered a plea of guilty that same date to Count II, engaging in illegal gambling business in violation of 18 U.S.C. § 371 and Count I (a charge of the same offense) was orally dismissed. In January 1974, Mr. Haas was sentenced to two years suspended on Count II and placed on probation.

Mr. Haas now seeks to have his conviction expunged. Mr. Haas explains that at the time of his conviction he "was young, with family, and in debt." He further states that he has not been in any trouble since his conviction. Mr. Haas describes himself as a role model with family, friends, and church. He is now seventy one years old, retired, and would like to clear his name.

The Seventh Circuit has held that district courts have jurisdiction to expunge records maintained by the judicial branch. *United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004) (citing *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993)). Expungement, however, is "an extraordinary remedy." *Id.* at 739. The applicable

balancing test is: "if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expungement is appropriate." *Id.* (internal quotation omitted). *See also United States v. Fathalla*, No. 07-CR-87, 2011 WL 4349368 (E.D. Wis. Sept. 15, 2011).

The Seventh Circuit has emphasized that the "'unwarranted adverse consequences' must be uniquely significant in order to outweigh the strong public interest in maintaining accurate and undoctored records." *Id*. at 739. The phrase "'unwarranted adverse consequences' does not refer to adverse consequences which attend every arrest and conviction." *Id.* Such adverse consequences are unfortunate but generally not *unwarranted*. *Id.* For example, the loss of one's right to vote and serve on a jury is an automatic consequence of a felony conviction.

Thus far, Mr. Haas has not shown any unwarranted adverse consequences of his conviction. Moreover, there is a strong public interest in maintaining accurate judicial records. Mr. Haas asks the Court to advise of "any additional steps he must take to move his Petition along." The Court will allow Mr. Haas an additional 14 days within which to explain what, if any, *truly extraordinary* and unwarranted adverse consequences' exists which justify an expungement of his 39 year old conviction. (Emphasis added). Thereafter, the Government will have 14 days to respond.

**IT IS SO ORDERED.**

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Date: 04/05/2013
_____

**Distribution:**

**David M. Haas**
**8209 Burn Court**
**Indianapolis, IN  46217**

**United States Attorney's Office**
**10 West Market Street,**
**Suite 2100**
**Indianapolis, IN 46204**