UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID M. HAAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 1:13-mc-30-TWP-DML |
| | ) |
| U.S. DISTRICT COURT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Motion to Expunge Felony Conviction**

For the reasons set forth in this Order, the defendant's motion to expunge his judicial records [Dkt. 1] must be **DENIED**.

## I.  Background

Defendant David Haas pled guilty to one count of engaging in illegal gambling business in violation of 18 U.S.C. § 371 in the year 1973. In January 1974, Mr. Haas was sentenced to two years suspended and placed on probation. *See United States v. Robert R. Logston, et al.,* Cause No. IP 73-CR-149.

Mr. Haas now seeks to have his conviction expunged based on the following: at the time of his conviction he "was young, with family, and in debt," he has not been in any trouble since his conviction, he is a role model with family, friends, and church and he is now seventy-one years of age, retired and would like to clear his name.

Mr. Haas was given the opportunity to explain what, if any, truly extraordinary and unwarranted adverse consequences' exists which would justify an expungement of his 1973 conviction. Mr. Haas responded and the United States filed a reply.

## II. Discussion

The Seventh Circuit has held that district courts have jurisdiction to expunge records maintained by the judicial branch. *United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004) (citing *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993)). Expungement, however, is "an extraordinary remedy." *Id*. at 739. The applicable balancing test is: "if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expungement is appropriate." *Id.* (internal quotation omitted); s*ee also United States v. Fathalla*, No. 07-CR-87, 2011 WL 4349368 (E.D. Wis. Sept. 15, 2011) (describing the uphill climb a defendant seeking expungement faces). The Seventh Circuit has emphasized that the "'unwarranted adverse consequences' must be uniquely significant in order to outweigh the strong public interest in maintaining accurate and undoctored records." *Id*. at 739. The phrase "'unwarranted adverse consequences' does not refer to adverse consequences which attend every arrest and conviction." *Id.* Further, the Seventh Circuit has noted that the public interest in maintaining accurate records is strong and "the balance very rarely tips in favor of expungment". (quoting) *Janik,* 10 F.3d at 472.

Mr. Haas raises four circumstances in support of the relief he seeks. Each of these circumstances undoubtedly affects Mr. Haas's life, but none are "unwarranted adverse consequences." First, Mr. Haas states that his felony conviction was for "a minor gambling infraction" that occurred 40 years ago. However, the passage of a long period of time since Mr. Haas' conviction is not an adverse consequence. Second, as a result of this felony conviction Mr. Haas contends he has been prohibited from owning a firearm, which has seriously impacted his rights to protect him family and property. But, all persons convicted of a felony, including a "minor" felony gambling offense are precluded from possessing firearms and bear the stigma of

being a convicted felon. Third, Mr. Haas argues that he should not have received a sentence that would impact his life forever and instead the judge should have suspended his sentence. The United States correctly points out that the fact that the court could have imposed a suspended sentence misses the mark; Mr. Haas would remain a convicted felon regardless of the sentence imposed. Mr. Haas, in fact, received a suspended sentence of two years. Fourth, Mr. Hass asserts that the sentence imposed is excessive, especially in light of the fact that others involved in the gambling conspiracy "received a slap on the wrist." Dkt. No. 3 at p.2. This statement is not consistent with the record. The docket sheet in Mr. Haas's case reflects that of the ten defendants, two entered pleas of nolo contendere and eight entered pleas of guilty. The eight defendants who pleaded guilty received the same sentence as Haas–two years' suspended and placement on probation.

The adverse consequences set forth by Mr. Haas are unfortunate but generally not *unwarranted*. Moreover, there is a strong public interest in maintaining accurate judicial records which is not overcome by the consequences cited by Mr. Haas. *See Flowers,* 389 F.3d at 739; *United States v. Smith*, 940 F.2d 395, 396 (9th Cir.1991) (holding that if employment problems resulting from a criminal record were "sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy"). In *Flowers*, the court concluded that even though the defendant was remorseful, had affirmatively accepted responsibility for her actions, had no previous criminal history, and had a minor role in the offense, such factors were not extraordinary. *Id.* at 740. The same types of considerations are at play in this case and Mr. Haas is not entitled to the extraordinary remedy of expungement. Accordingly, the motion to expunge judicial records is **DENIED.**

**IT IS SO ORDERED.**

Date: 05/20/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

David M. Haas
8209 Burn Court
Indianapolis, IN 46217

Joe Howard Vaughn
United States Attorney's Office
Joe.vaughn@usdoj.gov